# REPORTS OF CASES

ADJUDGED IN

# THE COURT OF APPEALS

OF THE

# DISTRICT OF COLUMBIA.

---

## ROOKWOOD POTTERY COMPANY *v.* A. WILHELM COMPANY.

TRADEMARKS; OPPOSITION; SIMILARITY OF GOODS; IDENTITY OF USE; CORPORATE NAME; WAIVER; PROSPECTIVE CONFUSION.

1. Opposition to the registration as a trademark for enamel paint, of a word in use as a trademark for pottery ware, will be dismissed, since the respective goods are not of the same descriptive properties within the meaning of sec. 5 of the trademark act of February 20, 1905, prohibiting the registration of a trademark in use by another for merchandise of the same descriptive properties, as they do not belong to the same general class. (Citing *Walter Baker & Co.* v. *Harrison*, 32 App. D. C. 272.)

2. Similarity between the enamel used by the opposer to produce the glaze finish on its pottery and the enamel paint, as a trademark for which registration of a word in use by the opposer is sought, does not bring the case within the prohibition of sec. 5 of the trademark act of February 20, 1905, against the registration of a trademark in use by another for merchandise of the same descriptive properties, where the opposer's trademark is applied to its pottery, and not to the enamel

Vol. XLIII.—1.

upon it, since the articles for which the same mark is used cannot be applied to the same general use. (Citing *Walter Baker & Co.* v. *Harrison, supra.*)

3. The registration of a corporate name by another as a trademark is forbidden by the trademark act. (Citing *Asbestone Co.* v. *Philip Carey Mfg. Co.* 41 App. D. C. 507.)

4. An opposer waives its right to object to the registration of a trademark upon the ground that the mark is the distinguishing part of its corporate name, by failing to set out such objection in the notice of opposition.

5. The trademark act is prospective, in that it forbids the registration of a mark which is likely to create confusion in the public mind, or is likely to deceive purchasers, so that it is not necessary that actual confusion be shown on opposition, the mere probability of confusion as a result of the use of the mark by the respective parties being sufficient.

No. 922.  Patent Appeal.  Submitted November 10, 1914.  Decided January 5, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining a motion to dismiss a notice of opposition to the registration of a trademark.            *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from the decision of the Commissioner of Patents sustaining a motion to dismiss a notice of opposition filed by the Rookwood Pottery Company, appellant, opposing the registration by the A. Wilhelm Company, appellee, of the word "Rookwood" as a trademark for enamel paint.

The grounds of the opposition stated in appellant's notice are as follows:

"1. That the Rookwood Pottery commenced to manufacture in Cincinnati, in the year 1880, a high-grade pottery, to designate which as your petitioner's product, it adopted the word 'Rookwood,' which word had not theretofore been used by anyone as a trademark; that the Rookwood Pottery, in the year 1890, was incorporated as the Rookwood Pottery Company; that the pottery manufactured by it, since the year first men-

tioned, has been sold by your petitioner in all the States of the United States, and in foreign countries, as 'Rookwood;' and that the word 'Rookwood,' used in connection with pottery, indicates to the public that it is a product of your petitioner, and is a guaranty of its artistic merit.

"2. That your petitioner, since the year 1880, has given the articles in the course of production, a covering of enameling or glazing material, which is then heated and gives the articles an enameled or glazed surface.

"3. That the terms 'enamel' and 'glaze' and the terms 'enameling or glazing material' are used interchangeably both by those skilled in the ceramic art and by the public.

"4. That the use of the word 'Rookwood' by another, upon an enamel or similar goods, would tend to deceive the public as to the origin of the goods, would lead the public to believe that by using the enamel it could obtain the characteristic quality of the Rookwood ware, either upon pottery or upon other articles of manufacture, and would injure your petitioner; and that the registration of this trademark 'Rookwood,' by the A. Wilhelm Company, would greatly damage your petitioner."

The motion to dismiss challenges the likelihood of the mark, when used on the respective goods of the contending parties, to create confusion in trade. It was upon this point alone that the Commissioner of Patents sustained the motion and dismissed the notice of opposition.

Section 5 of the trademark act of February 20, 1905, prohibits the registration of a "trademark owned and in use by another, and appropriated to merchandise of the same descriptive properties, or which so nearly resembles a registered or known trademark owned and in use by another, and appropriated to merchandise of the same descriptive properties, as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers." [33 Stat. at L. 725, chap. 592, Comp. Stat. 1913, § 9490].

*Mr. Walter F. Murray* for the appellant.

*Mr. Melville Church* and *Mr. C. T. Belt* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It will be observed that the prohibition is two-fold,—(1) where the marks used on merchandise of the same descriptive properties are the same, and (2) where the marks so used so nearly resemble each other as to be likely to confuse the public or deceive purchasers. In *Walter Baker & Co.* v. *Harrison,* 32 App. D. C. 272, the statute was construed as prohibiting the use of a mark when applied to goods of the same general class as those designated by a similar mark owned and in use by another. In this case, the parties are each using the same mark. The question is, whether the merchandise upon which the respective parties use this mark belong to the same general class. The mark is used by appellant upon pottery ware and by appellee on enamel paint. It is urged by counsel for appellee, and so held by the tribunals of the Patent Office, that there is no similarity between enamel paint, the product of appellee, and pottery, the product of appellant. On the other hand, it is urged by counsel for appellant that the question here is not the dissimilarity between paint and pottery ware, but the similarity between the enamel paint of appellee and the enamel used by appellant to produce the glazed finish on its pottery.

The contention of appellant would have force if it applied the trademark to the enamel used in producing the glazed finish on its ware, but it is applied to pottery. The statute limits the prohibition of the use of similar marks to their use on articles of merchandise of the same descriptive properties. In *Walter Baker & Co.* v. *Harrison, supra,* this court held: "Things may be said to possess the same descriptive properties when they can be applied to the same general use." While it is true that enamel is an element used in manufacturing the product of appellant, yet the completed article is of a nature manifestly different from the enamel used. They cannot be applied to the same general use. We have no difficulty in

agreeing with the Commissioner of Patents that the paint of appellee and the pottery ware of appellant are not merchandise of the same descriptive properties.

It is urged that the mark cannot legally be registered by appellee, since it is the distinguishing part of the corporate name of appellant company. The use of a corporate name is forbidden by statute. *Asbestone Co.* v. *Philip Carey Mfg. Co.* 41 App. D. C. 507. This objection, however, is not set out in the notice of opposition, and, however mandatory the statute may be upon the Commissioner of Patents in determining the legal registrability of a trademark, it may be waived by an opposer. It was optional with appellant to oppose or not, and as to any matter not set out in the notice of opposition, it is as if no notice had been filed. The objection, therefore, is not available at this late stage in the proceedings.

It may be suggested that the criticism of counsel for appellee that appellant's notice is subject to dismissal because it does not allege that confusion has actually occurred as a result of the use of the mark by the respective parties is without merit. The statute is prospective in that it forbids the registration of a mark which is *likely* to create confusion in the public mind, or is *likely* to deceive purchasers. It is not necessary that actual confusion be shown; the mere probability of confusion is sufficient. This appeal, however, is disposed of upon the ground alone that the merchandise of the respective parties on which the mark is used do not possess the same descriptive properties.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                          *Affirmed.*