25 C.C.P.A. (Patents)

## MOHAWK MILK PRODUCTS CO., Inc., v. GENERAL DISTILLERIES CORPORATION.

### Patent Appeal No. 3873.

Court of Customs and Patent Appeals.

March 28, 1938.

C. P. Goepel, of New York City, for appellant.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is a trade-mark opposition proceeding in which the Commissioner of Patents affirmed a decision of the Examiner of Interferences dismissing appellant's notice of opposition, and holding that appellee is entitled to the registration of the mark for which it made application.

The involved marks are the words "Gold Cross," the letters being arranged in the form of an arc, applied by appellee to containers of gin, and the words "Gold Cross," the letters being arranged in the form of an arc, together with a representation of a gold cross, applied by appellant to containers of condensed milk, condensed cream, evaporated milk, and evaporated cream.

Appellee's application was filed September 14, 1934, under the provisions of the Trade-Mark Act of February 20, 1905, as amended, 15 U.S.C.A. § 81 et seq. Appellant filed notice of opposition to the registration of said mark by appellee, alleging use of its mark since 1906 and the registration of the same in the United States Patent Office on February 19, 1907. The usual allegations of confusion in trade and damage were made in said notice.

The answer of appellee denied, among other things, that the goods of the respective parties to which the marks are applied are of the same descriptive properties, and denied that appellant would be damaged by the registration of appellee's mark. .

Appellant took testimony, but appellee did not.

The Examiner held that the goods of the parties did not possess the same descriptive properties; accordingly he dismissed the notice of opposition and adjudged that appellee was entitled to register the mark for which it had made application.

In affirming the decision of the Examiner of Interferences, the Commissioner said:

"Opposer argues in effect that those of its customers who are still prohibitionists, upon seeing its well-known trade-mark displayed on a bottle of gin, are likely to conclude that opposer has gone into the liquor business, and that the gin drinker will probably purchase applicant's product because of opposer's established reputation; in either of which contingencies opposer would or may be damaged. The brief then sets forth the somewhat startling assertion that: 'Whenever it appears that the opposer might be damaged or that confusion might result, it is because the goods have the same descriptive properties.'

"I am unwilling to accept the test thus sought to be applied. 'The mere fact that some indefinite and far-fetched confusion is to be shown or pointed out does not necessarily require that the goods shall be regarded as of the same descriptive properties.' California Packing Corporation v. Tillman & Bendel, 40 F.2d 108, 112, 17 C.C.P.A., Patents, 1048. The type of possible confusion here suggested by opposer is in my opinion both indefinite and far fetched."

Before us appellee neither filed a brief nor appeared upon the oral argument.

The only question before us is whether or not gin, and canned milk and cream, are goods of the same descriptive properties within the meaning of said words as used in section 5 of said Trade-Mark Act, as amended, 15 U.S.C.A. § 85.

The testimony on behalf of appellant shows that many grocers, both wholesale and retail, sell both alcoholic beverages and canned milk and cream.

There is no testimony that gin is ever sold in cans. It was the opinion of the witnesses that customers who are prohibitionists, upon seeing the mark "Gold Cross" applied to gin, would conclude that appellant had added the liquor business to its milk business, and that such customers would, for that reason, cease buying appellant's products, to the damage of appellant.

We are clearly of the opinion that' gin, and canned milk and cream, do not belong to the same class, and do not possess the same descriptive properties. As has been repeatedly stated in our opinions, we have given the words "merchandise of the same descriptive properties," as used in section 5 of the Trade-Mark Act, a

very liberal construction in order to effectuate the purposes of said act, but we are not ready to go so far as to hold that gin possesses the same descriptive properties as canned milk and cream, for, in our opinion, so to hold would virtually eliminate this provision from the statute.

While it is true that, as urged by appellant, gin and milk are both beverages in a sense, the law itself recognizes a wide distinction between them, for in some states the sale of the former is entirely prohibited, and in other states its sale is strictly regulated and licensed.

For the reasons stated herein, the decision of the Commissioner of Patents is affirmed.

Affirmed.