25 C.C.P.A. (Patents)

## CARNATION CO. v. CALIFORNIA GROWERS WINERIES, Inc. (two cases).
### Patent Appeals Nos. 3974, 3975.

Court of Customs and Patent Appeals.
June 6, 1938.

C. P. Goepel, of New York City, for appellant.

Jackson & Webster, of San Francisco, Cal. (W. G. MacKay and Chas. R. Allen, both of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

These are two appeals from decisions of the Commissioner of Patents affirming those of the Examiner of Trade-Mark Interferences which dismissed the notices of opposition in oppositions Nos. 14,346 and 14,347. In both proceedings the issues are identical. Both were submitted on the same record and were briefed and argued here together. Both will be disposed of in a single opinion.

Appellee, a dealer in wines and brandy, who is an applicant for registration of its trade-mark "Carnation," filed one application, serial No. 356,688, as applied to wines, and another, serial No. 356,689, as applied to brandy. The said applications were filed October 3, 1934, and in both cases allege continuous use of the mark as applied to the said goods of appellee's business since September 27, 1934.

Appellant, a dealer in milk products, filed notice of opposition against each of the said applications, alleging use of the word "Carnation" as a trade-mark by it and its predecessor in business since about November 1, 1899, and also alleging ownership of four registered trade-marks consisting of or containing the name "Carnation" as applied to milk products. The earliest of said trade-marks was registered June 26, 1906.

The oppositions are based solely upon the ground of the confusion-in-trade clause of section 5 of the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 85.

On January 18, 1935, appellee filed motions to dismiss the said notices of opposition, but consideration of the motions was deferred by the examiner pending confirmation by appellant that its sole ground of opposition was the aforesaid clause of the said Trade-Mark Act.

After appellant had confirmed its ground of opposition as aforesaid, issue was joined by appellee's answers filed March 21, 1935, praying that the notices of opposition be dismissed.

Testimony was taken by appellant. Appellee took none. The evidence establishes that the trade-mark "Carnation," as applied to appellant's goods, has for many years been widely advertised at great cost, and that a huge volume of business has been developed in the said goods under the said trade-mark "Carnation."

Appellant, in its brief, argues that under the name clause of section 5 of the aforesaid act we should consider that appellee seeks to appropriate the essential part of its corporate name. This we are unable to do for the reason that this clause was not pleaded in the notices of opposi-

tion. Our holding in this respect follows the case of Emerson Electric Manufacturing Company v. Emerson Radio & Phonograph Corporation, 90 F.2d 331, 24 C.C.P.A., Patents, 1279, in which the name clause had not been pleaded. In that case the court said (page 334) that—

"On appeal, the Commissioner called attention to the fact that the name clause was not set up in the notice of opposition. This is true, and hence, as said by the Commissioner, must be considered as waived by the opposer. This doctrine was announced in Rookwood Pottery Co. v. Wilhelm Company, 43 App.D.C. 1. * * *"

The decisions of the tribunals below held that the products involved do not possess the same descriptive properties, and that there is no likelihood of confusion as to source of origin.

The commissioner stated, in his decisions, as follows:

"In the two applications involved California Growers Wineries, Inc., seeks registration of the word 'Carnation' as a trade-mark for wines and brandy, respectively. As a bar to such registration the opposer, Carnation Company, relies upon its prior use and registration of the same mark for condensed milk, malted milk, 'whole dry milk and skimmed dry milk and desiccated milk,' and milk chocolate. It is not alleged in the notices of opposition that these goods are of the same descriptive properties as wine or brandy, but it is averred that confusion as to origin would probably result from applicant's use of its mark on such products, and that 'many of opposer's prohibition customers may cease altogether to be customers of opposer, and become patrons of other milk producers, because they will resent purchasing and using a milk product having the same trade name as wine products.' Opposer thus concludes that it would be injured by the registration of applicant's mark.

"In Mohawk Milk Products Co. v. General Distilleries Corporation, 469 O.G. 775, 30 U.S.P.Q. 281, it was held by this tribunal that canned milk and gin are of different descriptive properties, and that no confusion would be reasonably likely to result from their sale under identical trademarks. I am clearly of the opinion that the same ruling must be made with respect to the goods involved in the instant case. The purchasing public must be credited with at least a modicum of intelligence, which condition would seem to be incompatible with the occurrence of either ground of possible damage pleaded by opposer."

Since we are of opinion that we should be governed in our decision of these appeals by the case of Mohawk Milk Products Co. v. General Distilleries Corporation, 95 F.2d 334, 25 C.C.P.A., Patents, ——, which was decided by this court subsequently to the commissioner's decisions in these appeals, it is not considered necessary to discuss the cases cited by appellant in support of its contention.

In the Mohawk Milk Products Co. Case, supra, the facts were practically identical with those in the instant appeals. The opposition in that case involved the words "Gold Cross" as applied to gin by the appellee, and as applied to canned milk by the appellant. We held, in that case, that gin and canned milk do not belong to the same class of beverages, and do not possess the same descriptive properties. The same distinction applies in these appeals and we accordingly hold that wine and brandy do not belong to the same class of beverages as the milk products of appellant and, therefore, are not goods of the same descriptive properties. In that case we stated (page 335) that—

"There is no testimony that gin is ever sold in cans. It was the opinion of the witnesses that customers who are prohibitionists, upon seeing the mark 'Gold Cross' applied to gin, would conclude that appellant had added the liquor business to its milk business, and that such customers would, for that reason, cease buying appellant's products, to the damage of appellant."

Similarly in these appeals there is no testimony that wine or brandy is sold in cans. Witnesses in the present issues testified in generally similar fashion to those in the Mohawk Milk Products Co. Case, supra, with respect to likelihood of confusion of origin of the goods as above set out.

Accordingly, the decisions of the Commissioner of Patents are affirmed.

Affirmed.